IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE JURY DIVISION

| | |
|---|---|
| BRANDON KYLE RODGERS and ELAINE KORFF, On Behalf of THEMSELVES and All Others Similarly Situated, <br><br> *Plaintiffs*, <br> v. <br><br> CREATIVE REALITIES, INC., and CONEXUS WORLD GLOBAL, LLC, <br><br> *Defendants*. | COLLECTIVE ACTION <br><br> CASE NO. 3:19-CV-244-JHM <br><br> JUDGE Joseph H. McKinley, Jr. <br><br> JURY DEMAND |

**COLLECTIVE ACTION COMPLAINT**

1.	Plaintiffs Brandon Kyle Rodgers and Elaine Korff bring this action against Defendants Creative Realities, Inc. and ConeXus World Global, LLC ("Defendants") on behalf of themselves and all similarly situated individuals, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs seek to recover overtime wages which Defendants failed to pay in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

**I. JURISDICTION AND VENUE**

2.	This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

3.	Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

**II. PARTIES**

**A.	Plaintiffs**

4.	Plaintiff Brandon Kyle Rodgers is a resident of Louisville, Jefferson County,

1

Kentucky. Plaintiff Rodgers has been employed by Defendants since October 2015.

5. Plaintiff Elaine Korff is a resident of Shepherdsville, Bullitt County, Kentucky. Plaintiff Korff was employed by Defendants from in or around February 2018 until in or around February 2019.

**B.   Defendants**

6. Defendant Creative Realities, Inc. is a Minnesota corporation doing business within this judicial district.

7. Defendant ConeXus World Global, LLC is a Kentucky limited liability company doing business within this judicial district. Defendant ConeXus World Global, LLC is a wholly owned subsidiary of Defendant Creative Realities, Inc.

8. Defendants are headquartered at 13100 Magisterial Drive, Suite 100, Louisville, Kentucky 40223.

9. Defendants operate a business that provides digital marketing technology and solutions to retail companies, brands, enterprises, and organizations in the United States and internationally. As part of providing these products and services, Defendants offer their clients maintenance and support services. Specifically, Defendants "sell[] support services which include access to technical support personnel for software and hardware troubleshooting." SEC Form 10-Q, Sept. 30, 2018 at 10 (filed Nov. 14, 2018). These support services include "a hosting service through [Defendants'] network operations center, or NOC, allowing the ability to monitor and support [their] customers' networks 7 days a week, 24 hours a day." *Id.* at 11.

10. Defendants employ individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

11. Defendants have at all relevant times been employers within the meaning of the

FLSA.

### III. FACTS

12. Plaintiff Rodgers has been employed by Defendants as a network operations center ("NOC") technician since in or around May 2017.

13. Plaintiff Korff was employed by Defendants as a NOC technician from in or around February 2018 until in or around February 2019.

14. NOC technicians receive calls from Defendants' clients and provide real-time customer service and technical support for software and hardware troubleshooting to Defendants' clients by remotely accessing their computers and servers using high speed internet connections.

15. Plaintiffs and other NOC technicians are typically scheduled to work 40 hours each workweek.

16. Defendants offer NOC technician service and support to their clients 24 hours a day, 7 days a week.

17. In order to provide around-the-clock NOC technician support to their clients, Defendants require NOC technicians to be engaged to work from home outside of normal business hours on rotating seven-week schedules. In other words, in addition to their normal work schedules at Defendants' facilities, NOC technicians are scheduled to take turns working seven consecutive days outside of their ordinary schedule.

18. Plaintiffs and other NOC technicians must have their computer available, be connected to high speed internet, and prepared to field phone calls and handle customer service and technical support issues whenever it is their turn to provide NOC technician service and support outside of normal business hours. In other words, when scheduled to work outside of

business hours, NOC technicians perform the same services and tasks as they do during business hours.

19. Much if not all of the time spent by Plaintiffs and other NOC technicians when scheduled to work outside of business hours is in excess of 40 hours in a workweek.

20. However, Defendants do not pay Plaintiffs and other NOC technicians for all time worked outside of business hours. Instead, Defendants only pay Plaintiffs and other NOC technicians for time spent actively handling their clients' customer service and support needs.

21. As a result, Defendants have failed to pay Plaintiffs and other NOC technicians overtime pay at one and one-half times their regular rates of pay for hours worked in excess of 40 in a workweek.

22. Thus, Defendants' failure to pay Plaintiffs and other NOC technicians proper overtime pay for hours over 40 in a workweek is in violation of the FLSA.

23. Defendants knew and/or acted with reckless disregard of the fact that their failure to pay Plaintiffs and other NOC technicians overtime violates the overtime requirements of the FLSA.

### IV. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of similarly situated employees:

> All NOC technicians currently or formerly employed by Defendants at any time since April 2, 2016 who have been required to work outside of business hours at least once.

25. Plaintiffs and the class defined above are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things, they were all NOC technicians who were subject to a common policy and practice that resulted in uncompensated overtime work. Namely, Defendants have a common policy and practice of requiring them to work outside of

business hours without compensation for those hours.

## V. CAUSE OF ACTION – FAILURE TO PAY OVERTIME

26. All previous paragraphs are incorporated as though fully set forth herein.

27. Plaintiffs and the members of the class defined above are employees entitled to the FLSA's protections.

28. Defendants are employers covered by the FLSA.

29. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay.

30. Defendants have violated the FLSA by failing to compensate Plaintiffs and the class defined above for all hours above 40 worked in a workweek at one and one-half times their regular rates of pay.

31. In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiffs and all similarly situated

employees for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

    F.    Prejudgment interest to the fullest extent permitted under the law;

    G.    Liquidated damages to the fullest extent permitted under the FLSA;

    H.    Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

    I.    Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: April 2, 2019

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (KY Bar No. 98258)**
**JOSHUA A. FRANK (TN Bar No. 33294) \***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

\* *Pro Hac Vice* Motion anticipated

**J. CHRIS SANDERS**
CHRIS SANDERS LAW PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Telephone: (502) 814-0094
csanders@chrissanderslaw.com

*Attorneys for Plaintiff*